J-S65044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: D.M.R., A MINOR | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.R., MOTHER | : : : | No. 641 WDA 2016 |

Appeal from the Order Entered April 13, 2016,
in the Court of Common Pleas of Allegheny County
Orphans' Court at No.: CP-02-AP-0000187-2015

BEFORE: LAZARUS, OLSON, AND PLATT[*], JJ.

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 23, 2016**

M.R. (Mother) appeals from the order of the Court of Common Pleas of Allegheny County entered April 13, 2016, that terminated her parental rights to her son D.M.R., born in December of 2013 (Child). We affirm.[1]

Mother has two older sons; one lives with her former paramour by court order and the trial court terminated her parental rights to the other. Mother received limited prenatal care and tested positive for marijuana at Child's birth. Child left the hospital in Mother's care with assistance from crisis in-home services. (**See** N.T. Hearing, 4/04/16, at 45-46). When Mother was subsequently incarcerated, the Allegheny County Office of Children, Youth, and Families (CYF) removed Child from Mother's care via an emergency custody authorization on September 26, 2014. (**See id.** at 52).

---

[*] Retired Senior Judge assigned to Superior Court.

[1] The trial court also terminated the parental rights of R.W. (Father), the parental rights of an unknown father. Neither Father nor the unknown father appealed those terminations.

The trial court adjudicated Child dependent on October 10, 2014, and placed him in the care of his maternal grandfather and maternal step-grandmother (Grandmother) where he remains. (*See id.* at 54, 72).

Since Child's removal, Mother has been incarcerated for the following periods: February 17, 2015 to March 26, 2016; August 19, 2015 to September 15, 2015; October 27, 2015 to November 13, 2015; and December 8, 2015 to December 9, 2015. (*See id.* at 59). Mother's criminal history consists of convictions for criminal trespass, simple assault, false identification to law enforcement, retail theft, criminal conspiracy, DUI, disorderly conduct, receiving stolen property, and theft by deception. At the time of the termination hearing in this case, Mother was incarcerated for violation of probation and was awaiting trial on criminal charges dating back to 2014 and 2015. (*See id.* at 59, 91-92).

CYF filed its petition to terminate Mother's parental rights on December 8, 2015. The trial court held a hearing on that petition on April 4, 2016. Testifying at the hearing, in addition to Mother, were CYF caseworker, Michelle Matthews; and psychologist, Beth Bliss, Psy.D.

Mother testified that it takes Child a while to warm up to her during their visits because he does not see her that often and he is not used to being around her. (*See id.* at 95-96). She explained that Child was not used to seeing her because she was in and out of jail. (*See id.*). Mother stated she did not want to take Child from her stepmother, but "I don't feel

like I should lose my rights so I wouldn't be able to see him (indiscernible)[2] his life." (*Id.* at 99).

On January 13, 2016, Beth Bliss, Psy.D, licensed psychologist, performed interactional evaluations of Child and Grandmother and Child and Mother and an individual evaluation of Mother. (*See id.* at 9). Child called Grandmother "Mommy" and appeared bonded to her. (*See id.* at 10-11). Dr. Bliss reported that when Mother first entered the room, Child did not approach her or respond to her in any way.

Mother did not understand Child's developmental stage and chose activities that were above his level. Mother spent much of the evaluation holding Child and talking to Dr. Bliss. Dr. Bliss did not see any bond between Mother and Child. (*See id.* at 15).

Mother told Dr. Bliss that she rarely drinks now, but drinks to the point of intoxication when she does. She has decreased her marijuana use to every few days. (*See id.* at 17). Dr. Bliss diagnosed Mother with major depressive disorder, moderate recurrent episode with anxious distress, and cannabis use to borderline moderate. (*See id.* at 26). Dr. Bliss opined that Mother is unable to meet Child's emotional needs due to her mental health and substance abuse problems and the way she handled Child's emotional distress during the evaluation. Dr. Bliss recommended that Mother attend a

---

[2] The hearing was recorded and later transcribed.

dual diagnosis treatment program, undergo random drug screens, and take parental education classes. (*See id.* at 27).

Dr. Bliss opined that termination of Mother's parental rights would not have a negative effect on Child and would meet his needs and welfare. (*See id.* at 28).

CYF Caseworker, Michelle Matthews, testified that she observed the interaction between Mother and Child on one occasion during a visit at the CYF office on August 17, 2015. (*See id.* at 69). Ms. Matthews testified that the two-hour visit ended thirty minutes early at Mother's request because Child was upset during the visit. (*See id.*).

The trial court entered its order terminating Mother's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(2), (5), (8) and (b) on April 13, 2016. Mother filed her notice of appeal and statement of errors complained of on appeal on May 5, 2016. *See* Pa.R.A.P. 1925(a)(2). The trial court entered its opinion on June 29, 2016. *See* Pa.R.A.P. 1925(a)(1).

Mother raises the following question on appeal:

I. Did the trial court abuse its discretion and/or err as a matter of law in concluding that [CYF] met its burden of proving that termination of [] Mother's parental rights meets the needs and welfare of [C]hild pursuant to 23 Pa.C.S.[A.] § 2511(b) by clear and convincing evidence[?]

(Mother's Brief, at 5).

Our standard of review is as follows:

In an appeal from an order terminating parental rights, our scope of review is comprehensive: we consider all the evidence

- 4 -

presented as well as the trial court's factual findings and legal conclusions. However, our standard of review is narrow: we will reverse the trial court's order only if we conclude that the trial court abused its discretion, made an error of law, or lacked competent evidence to support its findings. The trial judge's decision is entitled to the same deference as a jury verdict.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted).

Further, we have stated:

Where the hearing court's findings are supported by competent evidence of record, we must affirm the hearing court even though the record could support an opposite result.

We are bound by the findings of the trial court which have adequate support in the record so long as the findings do not evidence capricious disregard for competent and credible evidence. The trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations and resolve conflicts in the evidence. Though we are not bound by the trial court's inferences and deductions, we may reject its conclusions only if they involve errors of law or are clearly unreasonable in light of the trial court's sustainable findings.

*In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004) (citations omitted).

The trial court terminated Mother's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(2), (5), (8), and (b). In order to affirm the termination of parental rights, this Court need only agree with any one subsection of Section 2511(a). *See In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*), *appeal denied*, 863 A.2d 1141 (Pa. 2004).

Requests to have a natural parent's parental rights terminated are governed by 23 Pa.C.S.A. § 2511, which provides, in pertinent part:

**§ 2511. Grounds for involuntary termination**

**(a) General rule.**—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

\* \* \*

(8) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.

\* \* \*

**(b) Other considerations.**—The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. §§ 2511(a)(8), (b).

The trial court concluded that termination was appropriate under Section 2511(a)(8).

With regard to Section 2511(a)(8), in order to terminate parental rights, an agency must prove by clear and convincing evidence that (1) that the child has been removed from the care of the parent for at least twelve (12) months; (2) that the

conditions which had led to the removal or placement of the child still exist; and (3) that termination of parental rights would best serve the needs and welfare of the child.

*In re C.L.G.*, 956 A.2d 999, 1005 (Pa. Super. 2008) (*en banc*) (citation and quotation marks omitted).

It is well settled that a party seeking termination of a parent's rights bears the burden of proving the grounds to so do by "clear and convincing evidence," a standard which requires evidence that is "so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *In re T.F.*, 847 A.2d 738, 742 (Pa. Super. 2004) (citations omitted). Further,

A parent must utilize all available resources to preserve the parental relationship, and must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship. Parental rights are not preserved by waiting for a more suitable or convenient time to perform one's parental responsibilities while others provide the child with his or her physical and emotional needs.

*In the Interest of K.Z.S.*, 946 A.2d 753, 759 (Pa. Super. 2008) (citations omitted).

The Adoption Act provides that a trial court "shall give primary consideration to the developmental, physical and emotional needs and welfare of the child." 23 Pa.C.S.A. § 2511(b). The Act does not make specific reference to an evaluation of the bond between parent and child, but our case law requires the evaluation of any such bond. *See In re E.M.*, 620 A.2d 481, 485 (Pa. 1993). However, this Court has held that the trial court

is not required by statute or precedent to order a formal bonding evaluation performed by an expert. *See In re K.K.R.-S.*, 958 A.2d 529, 533 (Pa. Super. 2008).

> . . . If a court finds grounds for termination . . . a court must determine whether termination is in the best interests of the child, considering the developmental, physical, and emotional needs and welfare of the child pursuant to § 2511(b). In this regard, trial courts must carefully review the individual circumstances for every child to determine, *inter alia*, how a parent's incarceration will factor into an assessment of the child's best interest.

*In re Adoption of S.P.*, 47 A.3d 817, 830-31 (Pa. 2012).

Even though Mother does not challenge the termination of her parental rights pursuant to Section 2511(a), we have examined the record and are satisfied that it contains sufficient credible evidence to terminate Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(8).

Child was removed from Mother's care in September of 2014, and has been in kinship foster care continuously since then. The conditions that led to Child's placement, Mother's abuse of alcohol and marijuana, still exist. Mother admits to marijuana use and to drinking herself into occasional states of intoxication. Credible testimony by Dr. Bliss and Ms. Mathews demonstrates that Child is safe and that all his needs are met in Grandmother's care. The trial court did not err or abuse its discretion when it terminated Mother's parental rights pursuant to Section 2511(a)(8).

Mother supports her claim that there was insufficient evidence to terminate her parental rights pursuant to Section 2511(b) by reviewing the testimony of Dr. Bliss and Ms. Matthews and concluding:

> Dr. Bliss and Ms. Matthews had only singular opportunities in unnatural situations and very limited time frames in which to observe the interaction and upon which to formulate their opinions as to the substantive nature of the parent-child relationship. Therefore, the record lacks competent evidence upon which a finding can be made that the termination of Mother's parental rights would serve the needs and welfare of [Child] pursuant to [S]ection 2511(b).

(Mother's Brief, at 17).

We disagree. The testimony of Dr. Bliss and Ms. Matthews, cited above, is sufficient evidence upon which a trial court could base a determination that termination is in the best interest of Child pursuant to Section 2511(b). In the present case, the trial court, as trier of fact, credited the testimony of Dr. Bliss and Ms. Matthews. Absent a showing of an abuse of discretion, this Court will not disturb a trial court's finding of credibility based on sufficient evidence, even if we could reach a different conclusion. *See In re M.G.*, *supra* at 73-74.

Mother has not demonstrated that the trial court abused its discretion when it terminated her parental rights pursuant to Section 2511(a)(8) and (b) and we conclude that it did not. *See In re L.M.*, *supra* at 511. Therefore, Mother's claim that the trial court abused its discretion when it terminated her parental rights pursuant to subsection (b) is without merit.

Accordingly, we affirm the order of the Court of Common Pleas of Allegheny County that terminated Mother's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(8) and (b).

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2016